**Amber BYAS d/b/a Properties LLC, Appellant,**

v.

**ALLIANCE RESTORATION, Defendant,**

and

**X3 LLC and Bernard Whittington, Respondents.**

### No. ED 105175

Missouri Court of Appeals, Eastern District, DIVISION FOUR.

Filed: November 28, 2017

Celestine Dotson, 300 N. Tucker Ste. 300, St. Louis, MO 63101, For Plaintiff/Appellant.

Peter C. Woods, 1010 Market St. Ste. 1620, St. Louis, MO 63101, For Defendants/Respondents.

Before Colleen Dolan, P.J., Mary K. Hoff, J., and Lisa S. Van Amburg, J.

## ORDER

PER CURIAM.

Amber Byas ("Byas") filed a petition in the Circuit Court of the City of St. Louis on October 10, 2014, against three defendants: Alliance Restoration ("Alliance"), X3, LLC. ("X3"), and Bernard Whittington. After reaching a settlement agreement with Alliance, she entered into a stipulation for dismissal, in which Byas agreed to voluntarily dismiss "her cause of action with prejudice." Judge Stelzer entered an order on Byas's voluntary dismissal with prejudice on August 4, 2016. On September 8, 2016, X3 was served with Byas's petition. On September 22, 2016, Byas filed a motion with the trial court requesting that it correct or clarify her "judgment" to reflect that she only intended to dismiss the action with prejudice as it pertains to Alliance. Judge Ohmer granted this motion on September 26, 2016. On November 22, 2016, Byas filed a motion for default judgment against X3. On November 30, 2016, the motion was called, heard, and denied by Judge Stelzer due to his finding that the court no longer had jurisdiction, as the cause of action had been dismissed nearly four months earlier and was no longer before the court. We understand the court's use of "jurisdiction" to mean "authority" in light of *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009). Finding the trial court correctly determined that it lacked authority to hear Byas's motion for default judgment, we affirm.

No jurisprudential purpose would be served by a written opinion. We have, however, provided the parties a memorandum setting forth the reasons for our decision. The judgment of the trial court is affirmed under Rule 84.16(b).